IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZACHARY ERWIN,

                Petitioner,

      v.                                  CASE NO. 10-3010-RDR

C. CHESTER,

                Respondent.

**O R D E R**

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, a prisoner incarcerated in a federal prison camp in Leavenworth, Kansas, proceeds pro se and has submitted the district court filing fee.

In his petition and supporting memorandum, petitioner states he has been in the custody of the Bureau of Prisons (BOP) since June 29, 2009. On December 21, 2009, he filed an administrative grievance, requesting immediate placement in a Residential Reentry Center (RRC) in Springfield, Missouri, for the remainder of his sentence pursuant to 18 U.S.C. § 3621(b). The administrative response dated December 30, 2010, denied the request, stating the maximum time for which inmates are eligible for pre-release RRC placement was twelve months pursuant to the Second Chance Act of 2007, and that petitioner would be reviewed for RRC placement when he was seventeen to nineteen months from his Good Conduct Time Release date.

Petitioner signed the instant petition on January 6, 2010, which the court received and docketed on January 13, 2010.

Petitioner expressly acknowledges he has not fully exhausted administrative remedies, but contends full exhaustion is not jurisdictionally required, and argues the court should excuse his failure to exhaust administrative remedies because further administrative review would be futile where established BOP policy controls the outcome. The court disagrees.

Although § 2241 does not expressly require exhaustion of remedies, the Tenth Circuit has held that exhaustion of administrative remedies is a prerequisite to the filing of a § 2241 habeas corpus petition. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)(per curiam). This exhaustion requirement is satisfied by the use of available administrative remedies, such as BOP's Administrative Remedy Program.[1] *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

There are "limited exceptions" to the exhaustion prerequisite, including "a narrow futility exception," which the Tenth Circuit Court of Appeals has "recognized in the context of petitions brought under 28 U.S.C. § 2254;" and "other circuits have recognized in the

---

[1] The BOP provides an Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. First, an inmate must attempt informal resolution with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden on a BP-9 form. 28 C.F.R. § 542.14. If not satisfied with the Warden's response, an inmate may appeal to the Regional Director on a BP-10 form. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the BOP's Central Office on a BP-11 form. Id. No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

2

context of petitioners brought under § 2241." *Ciocchetti v. Wiley*, 2009 WL 4918253 (10th Cir. December 22, 2009)(unpublished, citing published cases).[2] Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted). Petitioner's conclusory statements of futility in the present case do not satisfy this burden.

Exhaustion serves important purposes which should not be disregarded lightly. *See Woodford*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings."). The exhaustion of administrative procedures allows for the development of a factual record, allows for the application of agency expertise to the claims, and may allow the resolution of the claims without resort to the court.

In the present case, the BOP document attached to petitioner's supporting memorandum states that individualized consideration is required and recognizes that BOP staff may not automatically deny a prisoner's request for RRC placement. Thus, petitioner's claims may be particularly appropriate for review under the administrative procedures. In light of these circumstances, the court declines to accept petitioner's claim of futility, and finds on the face of petitioner's pleadings that he has not met his burden of showing any

---

[2]This and any other unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1, and not as controlling precedent.

3

extraordinary circumstances exempting him from the exhaustion requirement.

IT IS THEREFORE BY THE COURT ORDERED that this matter is dismissed without prejudice to allow petitioner to complete his exhaustion of administrative remedies.

DATED:  This 4th day of February 2010, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge